[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This has been a long and distressing case. After careful consideration, the court has decided to limit its decision making discussion to the minimal recitation necessary to dispose of the matter.
Procedurally, this matter is only between the plaintiff, Raymond C. Lyddy, and the defendant, Joan Falco. A default was obtained by the defendant, Joan Falco, against the defendant Joseph Falco on the cross complaint. CT Page 8609
Based on the Second Amended Complaint (dated May 10, 2000), the court finds as follows.
 First Count-Breach of Contract
1. The plaintiff produced credible evidence to prove the fact alleged.
2. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco.
3. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco. Thus, no credible evidence was presented to prove the reliance alleged.
4. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco. Thus, no credible evidence was presented to prove the reliance alleged.
5. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco. Thus, no credible evidence was presented to prove the compliance alleged.
6. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco. Thus, no credible evidence was presented to prove the breach alleged.
 Second Count-Unjust Enrichment
1. The plaintiff produced credible evidence to prove the fact alleged.
2. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco.
3. The plaintiff did not produce credible evidence to CT Page 8610 prove the existence of any agreement between himself and the defendant, Joan Falco. Thus, no credible evidence was presented to prove the reliance alleged.
4. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco. Thus, no credible evidence was presented to prove the reliance alleged.
5. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco. Thus, no credible evidence was presented to prove the compliance alleged.
6. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco. Thus, no credible evidence was presented to prove the refusal and failure alleged.
 Third Count
1. The plaintiff produced credible evidence to prove the fact alleged.
2. No credible evidence was produced to demonstrate that the defendant, Joan Falco, "refused" to sell said property.
3. The plaintiff did not produce credible evidence to prove the existence of any agreement between himself and the defendant, Joan Falco. Thus, no credible evidence was presented to prove the refusal alleged.
4. The plaintiff did not present credible evidence to demonstrate the refusal alleged or the agreement alleged.
5. The plaintiff did not present credible evidence to demonstrate the refusal alleged, the agreement alleged and/or the disregard alleged.
Therefore, on the Second Amended Complaint, judgment enters in favor of the defendant, Joan Falco, on all counts.
 By Way of Special Defenses (dated August 31, 1994)
1. The Second Amended Complaint does not seek specific performance.
2. The defendant, Joan Falco, has proven that the plaintiff's action(s) are barred by the Statute of Frauds.
3. The defendant, Joan Falco, produced credible evidence to demonstrate that no contract was ever formed.
4. The defendant, Joan Falco, did not produce credible evidence or law to demonstrate the validity of the Special Defense.
5. The defendant, Joan Falco, did not produce credible evidence or law to demonstrate the validity of the Special Defense.
6. The defendant, Joan Falco, did not produce credible evidence or law to demonstrate the validity of the Special Defense.
7. The defendant, Joan Falco, did not produce credible evidence or law to demonstrate the validity of the Special Defense.
DANIEL E. BRENNAN, JR., JUDGE CT Page 8611